**8. Representations and Warranties.** Each of the Harrison Parties hereby represents and warrants to the TherMark Parties as follows:

**8.1 Ownership.** Each of the Harrison Parties owns beneficially and of record the Shares identified in Schedule I with respect to such Harrison Party, free and clear of all liens, encumbrances, security interests, claims, options or limitations affecting its, his or her ability to deliver, transfer, and assign the Shares to TherMark Holdings, Inc.

**8.2 Right to Transfer.** Each of the Harrison Parties has the unrestricted right to enter into this Agreement, to transfer and assign the Shares owned by such Party and to consummate the transactions described in this Agreement without obtaining the consent or approval of anyone.

**9. Resignation From Board.** As part of this Agreement, and before any payment shall be made pursuant to this Agreement, Anthony Russo, Michael Stover and William Maybaum shall resign, and by this Agreement hereby do resign, from the Board of Directors, and any and all other positions that may be held by them, of TherMark Holdings, Inc. effective immediately.

**10. Payment.** As consideration provided in this Agreement, including, but not limited to, the waiver of all known and unknown claims by the Harrison Parties, TherMark Holdings, Inc. shall pay Paul Harrison a total of $250,000 as follows:

- An initial payment of $190,000 promptly upon (1) the execution of this Agreement by the Harrison Parties, (2) the delivery by Paul Harrison to TherMark Holdings, Inc. of the duly executed Signature Pages from each of the Represented Shareholders, (3) delivery by Paul Harrison to TherMark Holdings, Inc. of the three duly executed assignments separate from certificate in the forms set forth in Schedule III, (4) delivery by Paul Harrison to TherMark Holdings, Inc. of duly executed assignment from each of the Represented Shareholders as set forth on the Signature Page, and (5) delivery by Paul Harrison to TherMark Holdings, Inc. of all of the original stock certificates representing the Shares or, in the event any of such original stock certificates has been lost or destroyed, a duly executed affidavit of lost share certificate in the form set forth in Schedule IV in lieu of such stock certificate from the appropriate Represented Shareholder.
- Monthly payments of $5,000 each, starting 30 days after the initial payment for one year (total of $60,000).

- The initial payment of $190,000 described above shall be made payable to the "Taylor Sethi Lachowicz LLP Client Trust Account" and, if mailed, addressed to Taylor Sethi Lachowicz LLP, c/o Matthew D. Taylor, 333 S. Hope Street, Suite 2620, Los Angeles, CA 90071. All subsequent payments shall be made payable to "Paul Harrison" and, if mailed, addressed to Paul Harrison, 5336 Vincent Ave., Los Angeles, CA 90041.

**11. Agreement Not To Acquire Interest In TherMark.** The Harrison Parties hereby agree and represent that the Harrison Parties will not acquire, either now or in the future, any interest, direct or indirect, in TherMark Holdings, Inc. or TherMark, LLC, including, but not limited to, any common or preferred shares of TherMark Holdings, Inc. The Harrison Parties further agree that if they receive any interest in TherMark Holdings, Inc., including any shares, the Harrison Parties will immediately transfer those shares to TherMark Holdings, Inc. at no cost to TherMark Holdings, Inc., and as part of the consideration for this Agreement.

**12. Agreement Not To Incite, Benefit From, Or Assist With Claims Against TherMark Parties or Harrison Parties.** The Harrison Parties and TherMark Parties hereby agree that they will not encourage others to bring claims against the other side, or assist with or benefit from, directly or indirectly, any claims against the TherMark Parties or the Harrison Parties brought by others on their behalf.

**13. Termination of License Agreements.** All License Agreements between Permanent Impressions and TherMark Holdings, Inc. or TherMark, LLC, including, but not limited to, the License Agreements dated August 30, 2007 and August 1, 2008, are hereby terminated as of the date of this Agreement, such that after the date of this Agreement, neither agreement shall have any continuing force or effect.

**14. Non-Solicitation Agreement.** For and in consideration of the payment described in the above paragraph and the resulting Shares that will be transferred to TherMark Holdings, Inc. as described in the above paragraphs, the Harrison Parties agree not to, nor shall they permit any of their assignees, affiliates, or licensees to, enter into any agreement with, service, assist or solicit, market or sell any product, technology, or equipment, to any of the entities listed in Schedule II, or to their affiliates, anywhere in the world for a period of 3 years from the effective date of this Agreement. This Non-Solicitation Agreement shall not apply to, or interfere with, any agreement already in place between Atlasta Specialty Ink Co., Inc. and Ferro Corporation.





**15. Indemnification for Shareholder Suits.** If Robert Martel, the estate or representative of Rainer Troeltzsch, Peter Wysocki, Gerhard Stadlbauer, or any of the other owners of common stock of TherMark Holdings, Inc., bring suit against any one or more of the TherMark Parties and/or their affiliates or any of their respective employees, agents, officers, directors, managers, funds, attorneys, shareholders, members, partners and owners, Paul Harrison shall indemnify the TherMark Parties and/or their employees, agents, officers, directors, managers, funds, attorneys, shareholders, members, partners and owners from such suit if the party seeking indemnification can demonstrate that Paul Harrison actively participated in or actively encouraged such suit. Upon reasonable request, Paul Harrison agrees to provide a declaration, under penalty of perjury, stating that he has had no involvement with the lawsuit in question.

**16. Harrison's Attorney's Representations.** Harrison's attorneys, including Matthew Taylor and Rahul Sethi, represent that as part of this Agreement, they will provide consulting services to TherMark Holdings, Inc. regarding issues related to corporate governance. As a result, each of Matthew Taylor and Rahul Sethi hereby acknowledges that there is a conflict of interest that would prevent either of them, or any firm for which they may be associated with, from representing any of the shareholders of TherMark Holdings, Inc. who are not Parties to this Agreement, including but not limited to Robert Martel, the estate or representative of Rainer Troeltzsch, Peter Wysocki and Gerhard Stadlbauer, in any lawsuit against the TherMark Parties and/or their employees, agents, officers, directors, managers, funds, attorneys, shareholders, members, partners and owners.

**Matthew Taylor** **Rahul Sethi**

**17. Effectiveness.** This Agreement shall become effective upon its execution by all of the Parties.

**18. Governing Law and Forum.** This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the Parties shall be governed, construed and interpreted in accordance with the laws of the State of California. The Parties agree that all disputes and claims arising from this Agreement shall be brought in the Superior Court of California, County of Orange. This provision is not intended to conflict with the Arbitration Clause below, but is intended to ensure that any potential court action, including a motion to enforce the arbitration clause, will take place in Orange County. This agreement requires both arbitration in Orange

County, and that any court action, to the extent necessary and allowed under this Agreement, take place in Orange County.

**19. Entire Agreement.** This Agreement sets forth the final, complete and exclusive agreement between the Parties concerning the subject matter covered herein, and fully supersedes any and all prior oral or written agreements or understandings between the Parties or their counsel pertaining to its subject matter.

**20. Voluntary Agreement.** Each of the Parties acknowledges that, prior to signing this Agreement it has had this Agreement reviewed by its own counsel or has voluntarily decided not to do so. Each of the Parties further acknowledges that no other Party, no other Party's attorney, other person, or entity has made any statement or representation to such Party regarding any fact relied upon by such Party in entering into and executing this Agreement.

**21. Notices.** Any and all notices, demands, requests or other communications hereunder shall be in writing and shall be deemed duly given when personally delivered to or transmitted by overnight express delivery, addressed to the applicable Party at the address set forth on the applicable Signature Page. The Parties may change their respective addresses for the purpose of this Section by giving notice of such change to the other Parties in the manner which is provided in this Section.

**22. Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

**23. Signatures.** Signatures sent by fax or email will be treated as original signatures for all purposes, regardless of whether an original of such signature is ever sent by such Party.

**24. Modification and Waiver.** This Agreement may not be altered, amended or modified except by an instrument in writing executed by all Parties hereto or their successors. No waiver of any provision of this Agreement shall constitute or be deemed a waiver of any other provision hereof or to be a continuing waiver unless expressly so indicated in writing. In no event shall any waiver of any of the provisions of this Agreement be binding unless it is in a writing signed by or on behalf of all Parties.

**25. Successors and Assigns.** This Agreement shall be binding upon the Parties and their administrators, executors, receivers, trustees, successors and assigns.

**26. Cooperation and Further Necessary Action.** Each Party agrees to sign and/or cause to be signed, and to deliver to the other Parties, any other documents and to take any other action as may reasonably be necessary to fulfill the Party's obligations under this Agreement.





**27. Construction.** This Agreement is a product of negotiation between the Parties and it is not to be interpreted more strongly in favor of one or the other in any later interpretation or action for enforcement. Each of the Parties has participated in drafting this Agreement so that no ambiguity in any provision hereof is to be construed for or against any particular Party by reason of such drafting.

**28. Covenants Not To Sue.** The Parties covenant and agree that they have not, either directly or indirectly, and that they shall not, bring any other claim, action, suit or proceeding against the other Parties regarding the matters settled, released and dismissed within this Agreement, and that this Agreement is a bar to any such claim, action, suit or proceeding pertaining to the issues released.

**29. Opportunity to Seek Independent Counsel.** The Parties, and each of them, represent and declare that prior to executing this Agreement, they had the opportunity to seek the benefit of independent legal counsel of their own selection regarding the substance of this Agreement, they rely solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel and experts concerning the nature, extent and duration of their rights and claims, and they have not been influenced to any extent whatsoever in executing the same by any of the Parties or any person representing them or any of them.

**30. Partial Invalidity.** If any provision or part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable, or contrary to public policy or any law, then the remainder of the Agreement shall not be affected thereby and shall remain in full force and effect.

**31. Careful Review of Agreement.** The Parties, and each of them, further represent and declare that they have carefully read this Agreement and know the contents thereof, and that they sign the same freely and voluntarily.

**32. Ownership of TherMark Websites.** The Harrison Parties agree that they have no past, present or future claims to the website www.thermark.com, or any other websites containing the name "thermark" in the website address or uniform resource locator ("URL"). The Harrison Parties do hereby agree to take down the www.thermark.info website within five days of the Effective Date of this Agreement. The Harrison Parties agree to transfer ownership, registration and administration of the website www.thermark.info to Thermark Holdings, Inc. within five days of the Effective Date of this Agreement. The Harrison Parties agree that they





are prohibited in the future from acquiring ownership, registration or administration rights to any website containing the name "thermark" in the website address or URL.

33. **Initialing of Pages.** Before this agreement can be signed by all Parties, Paul Harrison, Claudette Harrison and Joel Assaraf will initial all of the pages.

34. **Arbitration of All Disputes.** Any controversy or claim arising out of or relating to this Agreement in any way, including all tort or contract claims, or any other controversy or claim between any of the Parties to this Agreement, shall be settled by arbitration in Orange County, California, and administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment. The Parties further agree that arbitration is the exclusive and binding remedy for any dispute and will be used instead of any court action, which is hereby expressly waived, except for any request by either party for temporary or preliminary injunctive relief pending arbitration in accordance with applicable law.

Paul Harrison for Permanent Impressions, Inc.

Paul Harrison as an individual

Claudette Harrison as an individual

Joel Assaraf for TherMark Holdings, Inc.

Joel Assaraf for TherMark, LLC

Matthew Ridenour as an individual

Matthew Ridenour for Momentum Venture Management, LLC

Alex Cory as an individual

Davis Thompson as an individual

Douglas Hayes as an individual

**SIGNATURE PAGES FOLLOW**





**IN WITNESS WHEREOF**, the Parties have executed this Stock Redemption and Settlement Agreement as of March 31, 2011.

**THERMARK PARTIES**
THERMARK HOLDINGS, INC., a Delaware Corporation
33 Hammond, Suite 205. Irvine, CA 92618

By: ______________________
Joel Assaraf, President & CEO

By: ______________________
Joel Assaraf, Secretary

THERMARK LLC, a Pennsylvania Limited Liability Company
33 Hammond, Suite 205. Irvine, CA 92618

By: ______________________
Joel Assaraf, Manager

Momentum Venture Management, LLC, a Delaware Limited Liability Company,
2400 N. Lincoln Avenue, Altadena, CA 91001

By: ______________________
Matthew Ridenour, Manager

______________________
Matthew Ridenour, as an individual, 803 S. Oakland, Pasadena, CA 91106

______________________
Davis Thompson, as an individual, 1440 San Pasqual St., Pasadena, CA 91106

______________________
Douglas Hayes, as an individual, 2545 Roscomare Rd., Los Angeles, CA 90077

______________________
Alex Cory, as an individual, 519 Grand Avenue, South Pasadena, CA 91030

**HARRISON PARTIES**
PERMANENT IMPRESSIONS, INC., a Nevada Corporation
5336 Vincent Ave., Los Angeles, CA 90041

By: ______________________
Paul Harrison, President & CEO

By: ______________________
Claudette Harrison, Secretary

______________________
Paul Harrison, as an individual, 5336 Vincent Ave., Los Angeles, CA 90041

______________________
Claudette Harrison, as an individual, 5336 Vincent Ave., Los Angeles, CA 90041

[REPRESENTED SHAREHOLDERS' SIGNATURE PAGES TO FOLLOW]

**SIGNATURE PAGE**
**TO**
**THERMARK STOCK REDEMPTION AND SETTLEMENT AGREEMENT**

This is the Signature Page to the TherMark Stock Redemption and Settlement Agreement (the "Agreement"). By executing this Signature Page, the undersigned becomes a party to and bound by all of the provisions of the Agreement, as if the undersigned was an original party to the Agreement.

Name: ______________________________
Address for Notice ______________________
______________________

I HEREBY REPRESENT THAT I HAVE READ AND REVIEWED THE THERMARK STOCK REDEMPTION AND SETTLEMENT AGREEMENT AND HEREBY AGREE TO AND INTEND TO BE BOUND BY ITS TERMS:

Shareholder's Signature: ______________________

**Full Mutual Release of Any and All Claims.** By signing this Signature Page, the undersigned hereby releases and forever discharges **TherMark Holdings, Inc., TherMark, LLC, Momentum Venture Management, LLC, Matthew Ridenour, Douglas Hayes, Alex Cory and Davis Thompson** and each of their affiliates and each of their respective employees, agents, officers, directors, managers, funds, attorneys, shareholders, members, partners and owners (collectively, the "Released Parties") from any and all liabilities, claims, demands, actions, causes of action or suits of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the undersigned now owns or holds, or at any time heretofore has owned or held, against any of the Released Parties.

**Waiver of Civil Code §1542.** It is the intention of the undersigned that the foregoing release shall be effective as a bar to all actions, causes of action, suits, claims, or demands of every kind, nature or character whatsoever, known or unknown, suspected or unsuspected, fixed or contingent. **The undersigned acknowledges that it, he or she has been advised by legal counsel or has had the opportunity to be advised by legal counsel and is familiar with the provisions of California Civil Code §1542, which provides as follows:**

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

The undersigned expressly **WAIVES** and relinquishes any and all rights or benefits it, he or she may have under, or which may be conferred upon it, him or her, by the provisions of California



Civil Code §1542 to the fullest extent that it, he or she may lawfully waive such rights or benefits pertaining to the subject matter of this release. The undersigned hereby acknowledges that it, he or she is aware that it, he or she or its, his or her attorneys may hereafter discover claims and facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of, or any party to, this Agreement, but that it is nonetheless the intention of the undersigned to hereby fully, finally, and forever settle and release any and all disputes and differences, known or unknown, suspected or unsuspected, which the undersigned now owns or holds, or at any time heretofore has owned or held, against any of the Released Parties.

Shareholder's Signature: ______________________________

**Arbitration of All Disputes.** Any controversy or claim arising out of or relating to this Agreement in any way, including all tort or contract claims, or any other controversy or claim between any of the Parties to this Agreement, shall be settled by arbitration in Orange County, California, and administered by the American Arbitration Association under its Commercial Arbitration Rules. The Parties further agree that arbitration is the exclusive and binding remedy for any dispute and will be used instead of any court action, which is hereby expressly waived, except for any request by either party for temporary or preliminary injunctive relief pending arbitration in accordance with applicable law.

Shareholder's Signature: ______________________________

**ASSIGNMENT SEPARATE FROM CERTIFICATE**

For value received, the undersigned hereby sells, assigns and transfers to TherMark Holdings, Inc. (the "Corporation") all of the shares of common stock and all of the shares of preferred stock in the Corporation held of record by the undersigned, including but not limited to the certificates listed below, and the undersigned hereby irrevocably constitutes and appoints the secretary of the Corporation as attorney-in-fact to transfer such shares on the books of the Corporation with full power of substitution in the premises.

Certificates: ______________________________

Shareholder's Signature: ______________________________

**SCHEDULE I TO**
**THERMARK STOCK REDEMPTION AND SETTLEMENT AGREEMENT**

**REPRESENTED SHAREHOLDER LIST**

| Contact Name | Stock Certificate Issuing Name | Common Shares | Stock Certificate Nos. |
|---|---|---|---|
| Jack Blue | Jack Blue | 25,000 | 37 |
| Bruce Brown | Bruce Brown | 60,000 | 31 |
| Gerald Goff | Gerald L. Goff | 15,000 | 38 |
| Charles Harrison | Atlasta Specialty Ink Co., Inc. | 200,000 | 2, 108 |
| Claudette Harrison | Claudette R. Harrison | 900,000 | 13 |
| Paul Harrison | Paul Harrison | 605,409 | 109 |
| Paul Harrison | Paul W. Harrison & Claudette R. Harrison | 495,000 | 11 |
| Allan Lannom | Allan L. R. Lannom | 30,000 | 41 |
| William Maybaum | William Maybaum & Greer Maybaum | 388,000 | 30 |
| Leon Rauch | Leon Rauch | 15,000 | 20 |
| Anthony Russo | Anthony R. Russo | 150,000 | 7, 17 |
| Carl Schulthess | Carl Schulthess | 100,000 | 3 |
| James Scott | James H. Scott | 986,409 | 50, 58 |
| Alexis Scott | Alexis N. Scott | 50,000 | 55 |
| Mason Scott | Mason C. Scott | 50,000 | 53 |
| Michael Scott | Michael K. Scott | 145,000 | 56 |
| Patrick Scott | Patrick K. Scott | 145,000 | 52, 57 |
| Skylar Scott | Skylar E. Scott | 50,000 | 54 |
| Michael Stover | Michael M. Stover | 200,000 | 6, 16, 33 |
| **Total** | | **4,609,818** | |
| | | | |

**SCHEDULE II**
**TO**
**THERMARK STOCK REDEMPTION AND SETTLEMENT AGREEMENT**

**RESTRICTED CUSTOMER LIST**

| ENTITY | HEADQUARTERS |
|---|---|
| Ferro Corp. | USA |
| Gravograph - USA | USA |
| Gravograph/Gravotech - France | France |
| Project Engraving & Digital | Australia |
| Ferro Glass & Color Corp | USA |
| Fisher & Paykel /Dynamic Cooking Systems | USA/ New Zealand |
| Saft America Inc. | USA |
| Plaquemaker | USA |
| American Range | USA |
| Applied Medical | USA |
| Cabela's | USA |

**SCHEDULE III**
**TO**
**THERMARK STOCK REDEMPTION AND SETTLEMENT AGREEMENT**

**SEE ATTACHED**

## ASSIGNMENT SEPARATE FROM CERTIFICATE—PAUL HARRISON

For value received, **Paul Harrison** (the "Shareholder") hereby assigns and transfers to TherMark Holdings, Inc. (the "Corporation") **Six Hundred Five Thousand Four Hundred Nine (605,409)** shares of common stock in the Corporation, standing in his name on the books of the Corporation represented by the following share certificate number(s):

109,

and hereby irrevocably constitutes and appoints the secretary of the Corporation as attorney-in-fact to transfer such shares on the books of the Corporation with full power of substitution in the premises.

Shareholder hereby declares under penalty of perjury that he or she is the lawful owner of such share certificate(s) shares of the capital stock of the Corporation, and that such share certificate has been lost, stolen or otherwise destroyed.

The shareholder hereby agrees that he shall indemnify the Corporation for any claim against the Corporation because of the alleged loss, theft or destruction of such share certificate.

SHAREHOLDER

Signature: ______________________
Paul Harrison

**ASSIGNMENT SEPARATE FROM CERTIFICATE-CLAUDETTE HARRISON**

For value received, **Claudette Harrison** (the "Shareholder") hereby assigns and transfers to TherMark Holdings, Inc. (the "Corporation") **Nine Hundred Thousand (900,000)** shares of common stock in the Corporation, represented by share certificate number(s)

13,

and hereby irrevocably constitutes and appoints the secretary of the Corporation as attorney-in-fact to transfer such shares on the books of the Corporation with full power of substitution in the premises.

Shareholder hereby declares under penalty of perjury that he or she is the lawful owner of such share certificate(s) shares of the capital stock of the Corporation, and that such share certificate has been lost, stolen or otherwise destroyed.

The shareholder hereby agrees that he shall indemnify the Corporation for any claim against the Corporation because of the alleged loss, theft or destruction of such share certificate.

SHAREHOLDER

Signature: [signature]
Claudette Harrison

**ASSIGNMENT SEPARATE FROM CERTIFICATE-PAUL HARRISON & CLAUDETTE HARRISON**

For value received, **Paul W. Harrison and Claudette R. Harrison** (the "Shareholder") hereby assigns and transfers to TherMark Holdings, Inc. (the "Corporation") **Four Hundred Ninety-Five Thousand (495,000)** shares of common stock in the Corporation, represented by share certificate number(s)

11,

and hereby irrevocably constitutes and appoints the secretary of the Corporation as attorney-in-fact to transfer such shares on the books of the Corporation with full power of substitution in the premises.

Shareholder hereby declares under penalty of perjury that he or she is the lawful owner of such share certificate(s) shares of the capital stock of the Corporation, and that such share certificate has been lost, stolen or otherwise destroyed.

The shareholder hereby agrees that he shall indemnify the Corporation for any claim against the Corporation because of the alleged loss, theft or destruction of such share certificate.

SHAREHOLDER

Signature: [signature]
Paul W. Harrison

Signature: [signature]
Claudette R. Harrison

 CRH

**SCHEDULE IV**
**TO**
**THERMARK STOCK REDEMPTION AND SETTLEMENT AGREEMENT**

**AFFIDAVIT OF LOST SHARE CERTIFICATE**

The undersigned hereby declares and agrees as follows:

1. The undersigned is the legal and beneficial owner of Stock Certificate No. _____ issued by TherMark Holdings, Inc. (the "Company"), on ___________, for _______ shares of the common stock of the Company (the "Original Certificate").

2. The Original Certificate has been lost, mislaid, stolen or destroyed and cannot now be produced.

3. The undersigned has not heretofore sold, pledged, hypothecated or otherwise transferred or executed a transfer of the Original Certificate or any interest therein or right thereto.

4. The undersigned does not know of any person, firm or corporation that claims, or may claim, any interest in the Original Certificate

5. The undersigned has undertaken a diligent search for the Original Certificate and has been unable to find or recover the same, and makes this Declaration for the purpose of inducing the Company to enter into a stock redemption and settlement agreement with the undersigned without delivery by the undersigned of the lost Original Certificate. The undersigned agrees that in the event the Original Certificate comes into its, his or her possession or the whereabouts of which shall become known, the undersigned will promptly cause the Original Certificate to be delivered forthwith to the Company for cancellation.

6. The undersigned shall at all times indemnify, defend, and hold the Company and its successors and assigns harmless from and against any and all judgments, claims, actions, liabilities, losses, damages, costs, charges, attorney's fees and other expenses of every nature and character whatsoever by reason of the loss, mislaying, theft or destruction of the Original Certificate.

SHAREHOLDER

Signature: ______________________________

Print Name: ______________________________





Amir M. Kahana, Esq. (SBN 218149)
Law Offices of Amir M. Kahana, P.C.
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
Telephone (949) 812-4781
Facsimile (949) 281-2105
amk@kahanalaw.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERMARK HOLDINGS, INC. a Delaware corporation, and THERMARK, LLC, a Pennsylvania Limited Liability Company, PLAINTIFF(S) | CASE NUMBER<br>SACV13 - 00445 AG (ANx) |
| v.<br>LASERSKETCH LTD., an Illinois Corporation, JDS INDUSTRIES, INC., a South Dakota Corporation, PERMANENT IMPRESSIONS, INC., a Nevada Corporation, PAUL W. HARRISON, an individual, and DOES 1 through 10, inclusive DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Amir M. Kahana, P.C., whose address is 18101 Von Karman Ave., Suite 230, Irvine, CA 92612. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: March 18, 2013

By: DODJIE LAGMAN
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# Attention:
# New Civil Actions

Pursuant to Local Rule 3-2, you are required to e-mail a conformed, "Filed"-stamped copy of your entire initial filing to the Court in PDF format by close of business the following business day. E-mails should be directed to the division to which the case is assigned, as follows:

- ☐ **CivilIntakeCourtDocs-LA@cacd.uscourts.gov**
  (for Western Division case numbers CV ##- #####)
- ☐ **CivilIntakeCourtDocs-RS@cacd.uscourts.gov**
  (for Eastern Division case numbers EDCV ## - #####)
- ☑ **CivilIntakeCourtDocs-SA@cacd.uscourts.gov**
  (for Southern Division case numbers SACV ## - #####)

**SUBJECT LINE OF E-MAIL MUST INCLUDE BOTH DOCUMENT TYPE** (complaint, notice of removal, etc.) **AND CASE NUMBER.**
*For example: Complaint CV08-01234-ABC(SHx)*

All documents in the initial filing must be e-mailed to the Court in PDF format, but certain documents must be included in the same PDF file as the Complaint / Notice of Removal, while other documents must be sent as separate PDF files, as follows:

- Complaint / Notice of Removal, Notice of Assignment to Magistrate Judge for Discovery (CV- 18), Summons (CV-01A), and all pages of the Civil Cover Sheet (CV-71) as one PDF attachment.
- Certification and Notice of Interested Parties (CV-30) as a separate PDF attachment.
- AO-120 or AO-121 (for Patent, Trademark, Copyright cases only) as a separate PDF attachment.
- Any other documents filed in paper format simultaneously with the Complaint / Notice of Removal as separate PDF attachments.

*Subsequent documents e-mailed to any of the above addresses will not be accepted. Pursuant to Local Rule 5-4.1, all documents in civil cases must be filed electronically using the Court's CM/ECF System, unless exempted by Local Rule 5-4.2.*

The **ECF Helpdesk** can be reached at 213-894-0242 during business hours:
Monday through Friday, 8:00 a.m. to 5:00 p.m. (Pacific Time).
E-mail questions to: ecf-helpdesk@cacd.uscourts.gov

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

THERMARK HOLDINGS, INC. a Delaware corporation, and THERMARK, LLC, a Pennsylvania Limited Liability Company,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LASERSKETCH LTD., an Illinois Corporation, JDS INDUSTRIES, INC., a South Dakota Corporation, PERMANENT IMPRESSIONS, INC., a Nevada Corporation, PAUL W. HARRISON, an individual, and DOES 1 through 10, inclusive,

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Offices of Amir M. Kahana, P.C.
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
Telephone (949) 812-4781

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** More than $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: ______________________

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| **County in this District:*** | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| **County in this District:*** | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | South Dakota, Illinois, Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| **County in this District:*** | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: March 18, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| **Nature of Suit Code** | **Abbreviation** | **Substantive Statement of Cause of Action** |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |