**PEREZ GONZALEZ,**
**A Professional Law Corporation**
Christopher Gonzalez, Esq.  (SBN 174455)
111 East Broadway, Suite 210
Glendale, California 91205
Telephone:  (818) 550-8300
Facsimile:    (818) 572-0313
E-Mail:  cg@california-lawfirm.com

Attorney for Defendant
PERMANENT IMPRESSIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| THERMARK HOLDINGS, INC., a Delaware corporation; THERMARK, LLC, a Pennsylvania limited liability company; | CASE NO. SACV13 – 00445 AG (ANx) |
| Plaintiffs, | **DEFENDANT PERMANENT IMPRESSIONS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| v. | |
| LASERSKETCH LTD., an Illinois corporation; JDS INDUSTRIES, INC., a South Dakota corporation; PERMANENT IMPRESSIONS, INC., a Nevada corporation; PAUL W. HARRISON, an individual; AND DOES 1 through 10, inclusive | **DEFENDANT PERMANENT IMPRESSIONS, INC.'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| Defendants. | **DEFENDANT PERMANENT IMPRESSIONS, INC.'S DEMAND FOR JURY TRIAL** |

Defendant, Permanent Impressions, Inc. ("Defendant") states as follows for its Answers,

Affirmative Defenses and Counterclaims to Plaintiffs' Complaint for (1) Patent Infringement, (2)

Breach Of Contract, (3) Misappropriation Of Trade Secrets and (4) Unfair Business Practices.

### <u>PRELIMINARY STATEMENT</u>

Defendant, Permanent Impressions, Inc. has not fully completed its investigation of the

facts relating to this case nor has discovery in this action commenced.  Therefore, the following

responses are based on information and documents presently available to Defendant, Permanent Impressions, Inc. and are given without prejudice to Defendant, Permanent Impressions, Inc.'s right to amend such responses should subsequently discovered information render them inaccurate.

## THE PARTIES

**ANSWER TO 1:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint, and therefore, denies the same.

**ANSWER TO 2:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint, and therefore, denies the same.

**ANSWER TO 3:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint, and therefore, denies the same.

**ANSWER TO 4:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint, and therefore, denies the same.

**ANSWER TO 5:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint, and therefore, denies the same.

**ANSWER TO 6:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint, and therefore, denies the same.

**ANSWER TO 7:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint, and therefore, denies the same.

**ANSWER TO 8:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 8 of the Complaint, and therefore, denies the same.

**ANSWER TO 9:**

Defendant admits the averments in paragraph 9 of the Complaint.

**ANSWER TO 10:**

Defendant admits the averments with regard to the corporate organization and domicile, but denies the averment with regard to doing substantial business within this district contained in paragraph 10 of the Complaint.

**ANSWER TO 11:**

Defendant admits the averments contained in paragraph 11 of the Complaint.

**ANSWER TO 12:**

Defendant admits the averments contained in paragraph 12 of the Complaint.

**ANSWER TO 13:**

Defendant admits the averments contained in paragraph 13 of the Complaint.

**ANSWER TO 14:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient

3

to form a belief as to the truth of the averments in paragraph 14 of the Complaint, and therefore, denies the same.

## JURISDICTION AND VENUE

**ANSWER TO 15:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint, and therefore, denies the same.

**ANSWER TO 16:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint, and therefore, denies the same.

**ANSWER TO 17:**

Defendant admits that it has a place of business in this district; but denies all other averments in paragraph 17 of the Complaint.

**ANSWER TO 18:**

Defendant denies the averment in paragraph 18 of the Complaint.

**ANSWER TO 19:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint, and therefore, denies the same.

## THE THERMARK PATENTS

**ANSWER TO 20:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint, and therefore, denies the same.

**ANSWER TO 21:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint, and therefore, denies the same.

**ANSWER TO 22:**

Defendant admits the averments contained in paragraph 22 of the Complaint.

**ANSWER TO 23:**

Defendant admits the averments contained in paragraph 23 of the Complaint.

**ANSWER TO 24:**

Defendant admits the averments contained in paragraph 24 of the Complaint.

**ANSWER TO 25:**

Defendant admits the averments contained in paragraph 25 of the Complaint.

**ANSWER TO 26:**

Defendant admits the averments contained in paragraph 26 of the Complaint.

**ANSWER TO 27:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint, and therefore, denies the same.

**ANSWER TO 28:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint, and therefore, denies the same.

**ANSWER TO 29:**

Defendant admits the averments contained in paragraph 29 of the Complaint.

**ANSWER TO 30:**

Defendant denies the averments contained in paragraph 30 of the Complaint.

**ANSWER TO 31:**

Defendant admits the averments contained in paragraph 31 of the Complaint.

**ANSWER TO 32:**

Defendant admits the averments contained in paragraph 32 of the Complaint.

**ANSWER TO 33:**

Defendant admits the averments contained in paragraph 33 of the Complaint.

**ANSWER TO 34:**

Defendant admits the averments contained in paragraph 34 of the Complaint.

**ANSWER TO 35:**

Defendant admits the averments contained in paragraph 35 of the Complaint.

**ANSWER TO 36:**

Defendant admits the averments contained in paragraph 36 of the Complaint.

**ANSWER TO 37:**

Defendant admits the averments contained in paragraph 37 of the Complaint.

**THE INFRINGING PRODUCTS**

**ANSWER TO 38:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 38 of the Complaint, and therefore, denies the same.

**ANSWER TO 39:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 39 of the Complaint, and therefore, denies the same.

**ANSWER TO 40:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 40 of the Complaint, and therefore,

6

denies the same.

**ANSWER TO 41:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 41 of the Complaint, and therefore, denies the same.

**ANSWER TO 42:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 42 of the Complaint, and therefore, denies the same.

**ANSWER TO 43:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 43 of the Complaint, and therefore, denies the same.

**ANSWER TO 44:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint, and therefore, denies the same.

**ANSWER TO 45:**

Defendant denies the averment in paragraph 45 of the Complaint with regard to Defendant Harrison providing instructions to others on how to use LZB100 and the LaserGrade Bonding Material products in a way that infringes the '223 and '436 Patents, but admits to Defendant Harrison has made written comments on internet industry forums.

**ANSWER TO 46:**

Defendant denies the averments in paragraph 46 of the Complaint with regard to Defendant Harrison providing instructions to others on how to use LZB100 and the LaserGrade Bonding Material products in a way that infringes the '223 and '436 Patents, but admits to

Defendant Harrison having had oral conversations regarding said products.

**ANSWER TO 47:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 47 of the Complaint, and therefore, denies the same.

**ANSWER TO 48:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 48 of the Complaint, and therefore, denies the same.

**ANSWER TO 49:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 49 of the Complaint, and therefore, denies the same.

**ANSWER TO 50:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 50 of the Complaint, and therefore, denies the same.

## HARRISON'S HISTORY WITH THERMARK

**ANSWER TO 51:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 51 of the Complaint, and therefore, denies the same.

**ANSWER TO 52:**

Defendant denies the averments contained in paragraph 52 of the Complaint regarding the fact that Defendant Harrison and his company were "underwater" and owed financial obligations to creditors in excess of $700,000; but admits that Defendant Harrison did begin

8

presenting the company to potential investors in order to raise additional capital for the company to grow and reach its potential.

**ANSWER TO 53:**

Defendant denies the averments contained in paragraph 53 of the Complaint.

**ANSWER TO 54:**

Defendant admits the averments contained in paragraph 54 of the Complaint.

**ANSWER TO 55:**

Defendant admits the averments contained in paragraph 55 of the Complaint.

**ANSWER TO 56:**

Defendant admits the averments contained in paragraph 56 of the Complaint.

**ANSWER TO 57:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 57 of the Complaint, and therefore, denies the same.

**ANSWER TO 58:**

Defendant admits the averments contained in paragraph 58 of the Complaint.

**ANSWER TO 59:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 59 of the Complaint, and therefore, denies the same.

**ANSWER TO 60:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 60 of the Complaint, and therefore, denies the same.

**ANSWER TO 61:**

Defendant admits the averments contained in paragraph 61 of the Complaint.

**ANSWER TO 62:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 62 of the Complaint, and therefore, denies the same.

**ANSWER TO 63:**

Defendant admits the averments contained in paragraph 63 of the Complaint.

**ANSWER TO 64:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 64 of the Complaint, and therefore, denies the same.

**ANSWER TO 65:**

Defendant admits the averments contained in paragraph 65 of the Complaint.

**ANSWER TO 66:**

Defendant admits the averments contained in paragraph 66 of the Complaint.

**ANSWER TO 67:**

Defendant admits the averments contained in paragraph 67 of the Complaint.

**ANSWER TO 68:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 68 of the Complaint, and therefore, denies the same.

**ANSWER TO 69:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 69 of the Complaint, and therefore, denies the same.

**ANSWER TO 70:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient

to form a belief as to the truth of the averments in paragraph 70 of the Complaint, and therefore, denies the same.

**ANSWER TO 71:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 71 of the Complaint, and therefore, denies the same.

**ANSWER TO 72:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 72 of the Complaint, and therefore, denies the same.

**ANSWER TO 73:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 73 of the Complaint, and therefore, denies the same.

**ANSWER TO 74:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 74 of the Complaint, and therefore, denies the same.

**ANSWER TO 75:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 75 of the Complaint, and therefore, denies the same.

**ANSWER TO 76:**

Defendant denies the averments contained in paragraph 76 of the Complaint.

**ANSWER TO 77:**

Defendant denies the averments contained in paragraph 77 of the Complaint.

11

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '223 Patent against**

**LaserSketch, JDS Industries and Harrison)**

**ANSWER TO 78:**

The averments in paragraph 78 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 79:**

The averments in paragraph 79 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 80:**

The averments in paragraph 80 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 81:**

The averments in paragraph 81 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 82:**

The averments in paragraph 82 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any

response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 83:**

The averments in paragraph 83 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 84:**

The averments in paragraph 84 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 85:**

The averments in paragraph 85 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 86:**

The averments in paragraph 86 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 87:**

The averments in paragraph 87 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief,

13

Defendant denies each and every allegation in the paragraph.

**ANSWER TO 88:**

The averments in paragraph 88 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 89:**

The averments in paragraph 89 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 90:**

The averments in paragraph 90 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '436 Patent against all Defendants)

**ANSWER TO 91:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 91 of the Complaint, and therefore, denies the same.

**ANSWER TO 92:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 92 of the Complaint, and therefore, denies the same.

**ANSWER TO 93:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 93 of the Complaint, and therefore, denies the same.

**ANSWER TO 94:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 94 of the Complaint, and therefore, denies the same.

**ANSWER TO 95:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 95 of the Complaint, and therefore, denies the same.

**ANSWER TO 96:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 96 of the Complaint, and therefore, denies the same.

**ANSWER TO 97:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 97 of the Complaint, and therefore, denies the same.

**ANSWER TO 98:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 98 of the Complaint, and therefore, denies the same.

**ANSWER TO 99:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient

DEFENDANT PERMANENT IMPRESSIONS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS
AND DEMAND FOR JURY TRIAL

to form a belief as to the truth of the averments in paragraph 99 of the Complaint, and therefore, denies the same.

**ANSWER TO 100:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 100 of the Complaint, and therefore, denies the same.

**ANSWER TO 101:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 101 of the Complaint, and therefore, denies the same.

**ANSWER TO 102:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 102 of the Complaint, and therefore, denies the same.

**ANSWER TO 103:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 103 of the Complaint, and therefore, denies the same.

<u>**THIRD CLAIM FOR RELIEF**</u>

**(Breach of Contract Against Harrison and Permanent Impressions)**

**ANSWER TO 104:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 104 of the Complaint, and therefore, denies the same.

**ANSWER TO 105:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient

16

to form a belief as to the truth of the averments in paragraph 105 of the Complaint, and therefore, denies the same.

## ANSWER TO 106:

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 106 of the Complaint, and therefore, denies the same.

## ANSWER TO 107:

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 107 of the Complaint, and therefore, denies the same.

## ANSWER TO 108:

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 108 of the Complaint, and therefore, denies the same.

## ANSWER TO 109:

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 109 of the Complaint, and therefore, denies the same.

## ANSWER TO 110:

Defendant admits the averments in paragraph 110 of the Complaint.

## ANSWER TO 111:

Defendant denies the averments in paragraph 111 of the Complaint.

## ANSWER TO 112:

Defendant denies the averments in paragraph 112 of the Complaint.

## ANSWER TO 113:

Defendant denies the averments in paragraph 113 of the Complaint.

**ANSWER TO 114:**

Based on Defendant's information and belief, Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 114 of the Complaint, and therefore, denies the same.

### FOURTH CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets Against Harrison)

**ANSWER TO 115:**

The averments in paragraph 115 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 116:**

The averments in paragraph 116 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 117:**

The averments in paragraph 117 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 118:**

The averments in paragraph 118 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 119:**

The averments in paragraph 119 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 120:**

The averments in paragraph 120 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 121:**

The averments in paragraph 121 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 122:**

The averments in paragraph 122 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 123:**

The averments in paragraph 123 of the Complaint do not apply to Defendant Permanent Impressions, Inc.

**ANSWER TO 124:**

The averments in paragraph 124 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any

response is required from this Defendant, based on Defendant's information and belief,

Defendant denies each and every allegation in the paragraph.

**ANSWER TO 125:**

The averments in paragraph 125 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 126:**

The averments in paragraph 126 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Business Practices – California**

**Bus. & Prof. Code § 17200 Against Harrison)**

**ANSWER TO 127:**

The averments in paragraph 127 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 128:**

The averments in paragraph 128 of the Complaint do not apply to Defendant Permanent Impressions, Inc.  If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

20

**ANSWER TO 129:**

The averments in paragraph 129 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 130:**

The averments in paragraph 130 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 131:**

The averments in paragraph 131 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 132:**

The averments in paragraph 132 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

**ANSWER TO 133:**

The averments in paragraph 133 of the Complaint do not apply to Defendant Permanent Impressions, Inc. If and to the extent that this paragraph contains allegations of fact and that any response is required from this Defendant, based on Defendant's information and belief, Defendant denies each and every allegation in the paragraph.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' PRAYER FOR RELIEF

In response to the "WHEREFORE" clause following paragraph 133 of Plaintiffs' Complaint, Defendant Permanent Impressions, Inc. incorporates by reference its Answers to all preceding and succeeding paragraphs as though set forth fully herein and denies that Plaintiffs are entitled to any relief or judgment against it, individually or collectively, and specifically denies that Plaintiffs or any of them have suffered any irreparable harm that could support injunctive relief.

1. Defendant denies the averments in paragraph 1 of the Prayer For Relief.
2. Defendant denies the averments in paragraph 2 of the Prayer For Relief.
3. Defendant denies the averments in paragraph 3 of the Prayer For Relief.
4. Defendant denies the averments in paragraph 4 of the Prayer For Relief.
5. Defendant denies the averments in paragraph 5 of the Prayer For Relief.
6. Defendant denies the averments in paragraph 6 of the Prayer For Relief.
7. Defendant denies the averments in paragraph 7 of the Prayer For Relief.
8. Defendant denies the averments in paragraph 8 of the Prayer For Relief.
9. Defendant denies the averments in paragraph 9 of the Prayer For Relief.
10. Defendant denies the averments in paragraph 10 of the Prayer For Relief.
11. Defendant denies the averments in paragraph 11 of the Prayer For Relief.
12. Defendant denies the averments in paragraph 12 of the Prayer For Relief.
13. Defendant denies the averments in paragraph 13 of the Prayer For Relief.
14. Defendant denies the averments in paragraph 14 of the Prayer For Relief.
15. Defendant denies the averments in paragraph 15 of the Prayer For Relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Defendant Permanent Impressions, Inc. asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiffs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs fail to state a claim against Defendant Permanent Impressions, Inc. upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Defendant Permanent Impressions, Inc. does not, and has not, infringed, induced others to infringe, and/or contributorily infringed any valid and enforceable claim of the '223 Patent and/or the '436 Patent, directly or indirectly, literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3.    The claims of the'436 Patent as properly construed are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§101 *et seq.*, including, without limitation, the conditions of patentability set forth in §§101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

4.    Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because any or all of Defendant Permanent Impressions, Inc.'s conduct has been lawful, justified, and/or privileged.

### FIFTH AFFIRMATIVE DEFENSE

5.    Upon information and belief, Plaintiffs failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained; therefore, any recovery by Plaintiffs must be diminished or barred.

### SIXTH AFFIRMATIVE DEFENSE

6.    Upon information and belief, Plaintiffs are barred from enforcing the '436 Patent against Defendant Permanent Impressions, Inc. under the doctrines of waiver, laches, and/or equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Upon information and belief, Plaintiffs are barred from enforcing the '436 Patent against Defendant Permanent Impressions, Inc. under the doctrine of prosecution history

estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Upon information and belief, Plaintiffs are barred from enforcing the '436 Patent against Defendant Permanent Impressions, Inc. under the Doctrine of Unclean Hands.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs lack standing to bring the Claims for Relief alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

10.  Plaintiffs have misused the Patent-in-Suit and are entitled to no relief.

### ELEVENTH AFFIRMATIVE DEFENSE

11.  Defendant Permanent Impressions, Inc. has been fully released and forever discharged from any and all liabilities, claims, demands, actions, causes of action or suits of any kind whatsoever, whether known or unknown, suspected or unsuspected as specifically written into, but not limited to, paragraphs 3 and 4 of the Settlement Agreement by the Counterclaim Defendants.

### ADDITIONAL AFFIRMATIVE DEFENSES

12.    In addition to the Affirmative Defenses described above, Defendant Permanent Impressions, Inc. specifically reserves the right to assert additional affirmative defenses as they become known during the pendency of this litigation.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Permanent Impressions, Inc. demands a jury trial on all issues and claims so triable.

### DEFENDANT PERMANENT IMPRESSIONS INC.'S COUNTERCLAIMS

For its Counterclaims against Plaintiffs TherMark LLC and TherMark Holdings, Inc. (collectively, "Counterclaim Defendants"), Defendant Permanent Impressions, Inc. ("Counterclaim Plaintiff") states as follows:

**PARTIES**

1. As stated in Plaintiffs' Complaint and based on Defendant Permanent Impressions, Inc.'s information and belief, TherMark LLC, is a limited liability company organized and existing under the laws of Pennsylvania.

2. As stated in Plaintiffs' Complaint and based on Defendant Permanent Impressions, Inc.'s information and belief, TherMark Holdings, Inc. is a corporation organized and existing under the laws of Delaware, and wholly owns TherMark, LLC.

3. As stated in Plaintiffs' Complaint and based on Defendant Permanent Impressions, Inc.'s information and belief, TherMark LLC and TherMark Holdings, Inc. have a principal place of business at 33 Hammond, Suite 205, Irvine, California 92618.

4. Permanent Impressions, Inc. is a Nevada corporation that maintains a place of business at 5336 Vincent Avenue, Los Angeles, CA 90041.

**JURISDICTION AND VENUE**

5. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, the Declaratory Judgment Act 28 U.S.C. §§ 2201 *et seq.*, and § 1332(a). Venue is proper in this Court under 28 U.S.C. § 1400(b) and § 1391(b)-(c).

6. This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants filed their lawsuit against Counterclaim Plaintiff in this District.

**STATEMENT OF FACTS**

7. Defendant Harrison is the founder of Counterclaim Defendant TherMark LLC in April 1998 and Counterclaim Defendant TherMark Holdings, Inc. in December 2005.

8. Defendant Harrison is the inventor named on the '223 and '436 Patents.

9. On April 21, 2006 Counterclaim Defendant TherMark Holdings, Inc. raised approximately $1.7 Million in additional working capital and Defendant Harrison stepped down

25

as President of Counterclaim Defendant TherMark Holdings, Inc. to become Chief Technology Officer and Secretary, as well as continuing to serve as Chairman of the Board of Directors.

10. Within several months, disputes arose between Defendant Harrison and the management and Board of Counterclaim Defendant TherMark Holdings, Inc.

11. In mid 2007 Defendant Harrison's employment was terminated by Counterclaim Defendant TherMark Holdings, Inc. and Defendant Harrison was forced to enter into a Separation Agreement and Mutual Releases (the Separation Agreement) whereby Counterclaim Plaintiff Permanent Impressions, Inc. and Defendant Harrison would provide consulting services in conjunction with Counterclaim Defendants' research and development efforts.  A true and correct copy of the Separation Agreement is attached as Exhibit D to Plaintiffs' Complaint.

12. On January 31, 2008, the Separation Agreement terminated as provided for by the terms written by Counterclaim Defendant TherMark Holdings, Inc. and Defendant Harrison subsequently hired an attorney.

13. In April 2008, Counterclaim Defendant TherMark Holdings, Inc. entered into a Consulting Agreement (the Consulting Agreement) with Counterclaim Plaintiff Permanent Impressions, Inc. and Defendant Harrison.  A true and correct copy of the Consulting Agreement is attached as Exhibit E to Plaintiffs' Complaint.

14. In May 2009, the Consulting Agreement was terminated by Counterclaim Defendant TherMark Holdings, Inc. and Defendant Harrison again hired an attorney and litigation ensued in November 2009.

15. On or about March 31, 2011, the litigation was resolved and the parties entered into the TherMark Stock Redemption and Settlement Agreement (the Settlement Agreement).  A true and correct copy of the Settlement Agreement is attached as Exhibit F to Plaintiffs' Complaint.

16. Counterclaim Plaintiff Permanent Impressions, Inc. and Defendant Harrison entered into multiple contracts with Counterclaim Defendant TherMark Holdings, Inc. (the Contracts).

True and correct copies of the Contracts are attached as Exhibits D, E and F to Plaintiffs' Complaint.

17. Counterclaim Plaintiff Permanent Impressions, Inc. and Defendant Harrison performed, or substantially performed, all of the requirements of the Contracts, or were excused from performance.

18.  Counterclaim Plaintiff Permanent Impressions, Inc. and Defendant Harrison were fully released and forever discharged from any and all liabilities, claims, demands, actions, causes of action or suits of any kind whatsoever, whether known or unknown, suspected or unsuspected as specifically written into, but not limited to, paragraphs 3 and 4 of the Settlement Agreement by the Counterclaim Defendants.

19.  Counterclaim Plaintiff Permanent Impressions, Inc. and Defendant Harrison have worked with others since the expiration of the Contracts to independently develop, test, produce and sell products which do not infringe upon Counterclaim Defendant TherMark LLC's '223 and/or '436 Patents.

20. All such development, production and selling activity has been performed without reliance upon and/or direct knowledge of the research and development efforts rendered to Counterclaim Defendant TherMark Holdings, Inc. under the terms of the Contracts.

## FIRST COUNTERCLAIM FOR RELIEF

### (DECLARATORY JUDGMENT OF

### NON-INFRINGEMENT OF THE '436 PATENT)

21. Counterclaim Plaintiff herein alleges and incorporates by reference its Affirmative Defenses and paragraphs 1 through 20 of its Counterclaims as if set forth fully herein.

22. A real and actual substantial controversy exists between Counterclaim Plaintiff and Counterclaim Defendants as to the non-infringement of the '436 Patent.

27

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Counterclaim Plaintiff requests the declaration of the Court that Counterclaim Plaintiff has not infringed, and does not infringe, any claim of the '436 Patent.

## SECOND COUNTERCLAIM FOR RELIEF

## (DECLARATORY JUDGMENT OF INVALIDITY AND/OR NON-ENFORCEABILITY OF THE '436 PATENT)

24. Counterclaim Plaintiff herein alleges and incorporates by reference its Affirmative Defenses and paragraphs 1 through 20 of its Counterclaims as if set forth fully herein.

25. A real and actual substantial controversy exists between Counterclaim Plaintiff and Counterclaim Defendants as to the invalidity and/or non-enforceability of one or more claims of the '436 Patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Counterclaim Plaintiff requests the declaration of the Court that one or more claims of the '436 Patent are invalid and/or non-enforceable under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM FOR RELIEF

## (UNFAIR BUSINESS PRACTICES – CALIFORNIA BUS. & PROF. CODE § 17200)

27. Counterclaim Plaintiff incorporates by reference and re-alleges the paragraphs above as though fully restated herein.

28. Based on Defendant Permanent Impressions, Inc.'s information and belief, Counterclaim Defendants have engaged in, and continue to engage in, unlawful, unfair and fraudulent business practices in this district in violation of the Unfair Competition Law, Bus. & Prof. Codes § 17200 *et seq.* as alleged herein.

29. Based on Defendant Permanent Impressions, Inc.'s information and belief,

Counterclaim Defendants' conduct in continuing to intentionally and tortiously interfere with Counterclaim Plaintiff's contractual and/or advantageous business relations constitutes unfair competition.

**ADDITIONAL COUNTERCLAIMS FOR RELIEF**

30. Counterclaim Plaintiff specifically reserves the right to assert additional counterclaims, as they become known, during the pendency of this litigation.

**FEDERAL DECLARATORY JUDGMENT ACT**

31. Pursuant to the Federal Declaratory Judgment Act, §§ 2201 *et seq.*, this Court may declare the rights and other legal relations of any interested party.

32. In the Complaint, Counterclaim Defendants have asserted that Counterclaim Plaintiff infringes U.S. Patent No. 6,313,436 ("the Patent-in-Suit"). Counterclaim Plaintiff has not, and does not, infringe the Patent-in-Suit. Furthermore, one or more claims of the Patent-in-Suit are invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

33. There exists a real and actual substantial controversy between Counterclaim Plaintiff and Counterclaim Defendants before this Court where the relief sought by Counterclaim Plaintiff will resolve the controversy relative to the respective interests of the parties.

34. Accordingly, Counterclaim Plaintiff seeks Declaratory Judgment from this Court that (i) Counterclaim Plaintiff has not, and does not, infringe the Patent-in-Suit; (ii) one or more claims of the Patent-in-Suit are invalid; and, (iii) Counterclaim Plaintiff should be awarded its costs, attorneys' fees, expenses, and such other further relief as may be just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff prays that this Court will grant relief and judgment:

1. That the Complaint be dismissed in its entirety, with prejudice;

2. That no injunctive relief shall issue to Counterclaim Plaintiffs;

3. That Counterclaim Defendants shall take nothing by reason of their Complaint;

4. As to the First Counterclaim for Relief, that the claims of the '436 Patent be adjudged not infringed (directly or indirectly, literally or under the doctrine of equivalents) by Counterclaim Plaintiff;

5. As to the Second Counterclaim for Relief, that one or more claims of the '436 Patent be adjudged invalid and/or non-enforceable;

6. As to the Third Counterclaim for Relief, that Counterclaim Defendants have engaged in, and continue to engage in, unlawful, unfair and fraudulent business practices; therefore Counterclaim Plaintiff prays for monetary relief in the minimum amount of One Million US Dollars ($1,000,000.00) or according to proof;

7. That Counterclaim Plaintiff be awarded its costs, attorneys' fees, expenses, and such other further relief as may be just and proper;

8. That Counterclaim Plaintiff be awarded compensatory damages, consequential damages, general and special damages, according to proof at trial;

9. That this action be deemed exceptional under 35 U.S.C. § 285, and judgment be entered awarding Counterclaim Plaintiff enhanced monetary damages, up to and including trebling of said damages with pre-judgment and post-judgment interest accruing at the maximum legal rate thereon;  and

10. Such other and further relief as the Court may deem just and proper.

///

///

///

///

///

///

///

1

**JURY TRIAL DEMAND**

2

     In accordance with Federal Rule of Civil Procedure 38, Defendant/Counterclaim Plaintiff

3

Permanent Impressions, Inc. demands a trial by jury on all issues and claims so triable.

4

5 DATED: April 25, 2013                 Respectfully submitted,

6                                   **PEREZ GONZALEZ,**
                                    **A PROF. LAW CORP.**

7

8 By:_____

9                          Christopher Gonzalez, Attorney for
                         Defendant/Counterclaim Plaintiff

10                          PERMANENT IMPRESSIONS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Paul W. Harrison, President of Defendant/Counterclaim Plaintiff Permanent Impressions, Inc., declare that:

Permanent Impressions, Inc. is a Defendant/Counterclaim Plaintiff in the above-entitled action and that I have read the foregoing **DEFENDANT PERMANENT IMPRESSIONS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** and know the contents thereof.  The responses contained therein are true to the best of my knowledge, except as to those matters which are stated upon current information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 25, 2013 at Los Angeles, California.

By: _____
        Paul W. Harrison, President
        Permanent Impressions, Inc.

32