1   PAUL W. HARRISON, an individual, Defendant *in Pro Per*

2   5336 Vincent Avenue

3   Los Angeles, CA  90041

4   Telephone:  (213) 819-5069

5   Email:     me2paul@aol.com

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                    **SOUTHERN DIVISION**

10

11  THERMARK HOLDINGS, INC., a                CASE NO. SACV13 – 00445 AG
    Delaware corporation; THERMARK, LLC,      (ANx)
12  a Pennsylvania limited liability company;

13       Plaintiffs,

14       v.                                   **DEFENDANT HARRISON'S
                                              ANSWER TO PLAINTIFFS'
                                              COMPLAINT**
15  LASERSKETCH LTD., an Illinois
    corporation; JDS INDUSTRIES, INC., a      **DEFENDANT HARRISON'S
16  South Dakota corporation; PERMANENT       AFIRMATIVE DEFENSES AND
    IMPRESSIONS, INC., a Nevada               COUNTERCLAIMS**
17  corporation; PAUL W. HARRISON, an
    individual; AND DOES 1 through 10,        **DEFENDANT HARRISON'S
18  inclusive                                 DEMAND FOR JURY TRIAL**

19       Defendants.

20

21

22       Defendant Harrison states as follows for his Answers, Affirmative Defenses

23  and Counterclaims to Plaintiffs' Complaint for (1) Patent Infringement, (2) Breach

24  Of Contract, (3) Misappropriation Of Trade Secrets and (4) Unfair Business

25  Practices.

26                    **PRELIMINARY STATEMENT**

27       Defendant Harrison has not fully completed his investigation of the facts

28  relating to this case nor has discovery in this action commenced.  Therefore, the

following responses are based on information and documents presently available to Defendant Harrison and are given without prejudice to Defendant Harrison's right to amend such responses should subsequently discovered information render them inaccurate.

## **THE PARTIES**

**ANSWER TO 1:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint, and therefore, denies the same.

**ANSWER TO 2:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint, and therefore, denies the same.

**ANSWER TO 3:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint, and therefore, denies the same.

**ANSWER TO 4:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint, and therefore, denies the same.

**ANSWER TO 5:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint, and therefore, denies the same.

**ANSWER TO 6:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint, and therefore, denies the same.

**ANSWER TO 7:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint, and therefore, denies the same.

**ANSWER TO 8:**

Defendant is without knowledge sufficient to form a belief as to the truth of

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

the averments in paragraph 8 of the Complaint, and therefore, denies the same.

**ANSWER TO 9:**

Defendant admits the averments in paragraph 9 of the Complaint.

**ANSWER TO 10:**

Defendant admits the averments with regard to the corporate organization and domicile, but denies the averment with regard to doing substantial business within this district contained in paragraph 10 of the Complaint.

**ANSWER TO 11:**

Defendant admits the averments contained in paragraph 11 of the Complaint.

**ANSWER TO 12:**

Defendant admits the averments contained in paragraph 12 of the Complaint.

**ANSWER TO 13:**

Defendant admits the averments contained in paragraph 13 of the Complaint.

**ANSWER TO 14:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint, and therefore, denies the same.

**JURISDICTION AND VENUE**

**ANSWER TO 15:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint, and therefore, denies the same.

**ANSWER TO 16:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint, and therefore, denies the same.

**ANSWER TO 17:**

Defendant admits that he resides in this district; but denies all other averments in paragraph 17 of the Complaint.

**ANSWER TO 18:**

Defendant denies the averment in paragraph 18 of the Complaint.

**ANSWER TO 19:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint, and therefore, denies the same.

## THE THERMARK PATENTS

**ANSWER TO 20:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint, and therefore, denies the same.

**ANSWER TO 21:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint, and therefore, denies the same.

**ANSWER TO 22:**

Defendant admits the averments contained in paragraph 22 of the Complaint.

**ANSWER TO 23:**

Defendant admits the averments contained in paragraph 23 of the Complaint.

**ANSWER TO 24:**

Defendant admits the averments contained in paragraph 24 of the Complaint.

**ANSWER TO 25:**

Defendant admits the averments contained in paragraph 25 of the Complaint.

**ANSWER TO 26:**

Defendant admits the averments contained in paragraph 26 of the Complaint.

**ANSWER TO 27:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint, and therefore, denies the same.

**ANSWER TO 28:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint, and therefore, denies the same.

**ANSWER TO 29:**

Defendant admits the averments contained in paragraph 29 of the Complaint.

**ANSWER TO 30:**

Defendant denies the averments contained in paragraph 30 of the Complaint.

**ANSWER TO 31:**

Defendant admits the averments contained in paragraph 31 of the Complaint.

**ANSWER TO 32:**

Defendant admits the averments contained in paragraph 32 of the Complaint.

**ANSWER TO 33:**

Defendant admits the averments contained in paragraph 33 of the Complaint.

**ANSWER TO 34:**

Defendant admits the averments contained in paragraph 34 of the Complaint.

**ANSWER TO 35:**

Defendant admits the averments contained in paragraph 35 of the Complaint.

**ANSWER TO 36:**

Defendant admits the averments contained in paragraph 36 of the Complaint.

**ANSWER TO 37:**

Defendant admits the averments contained in paragraph 37 of the Complaint.

## THE INFRINGING PRODUCTS

**ANSWER TO 38:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 38 of the Complaint, and therefore, denies the same.

**ANSWER TO 39:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 39 of the Complaint, and therefore, denies the same.

**ANSWER TO 40:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 40 of the Complaint, and therefore, denies the same.

**ANSWER TO 41:**

Defendant is without knowledge sufficient to form a belief as to the truth of

1   the averments in paragraph 41 of the Complaint, and therefore, denies the same.

2   **ANSWER TO 42:**

3       Defendant is without knowledge sufficient to form a belief as to the truth of

4   the averments in paragraph 42 of the Complaint, and therefore, denies the same.

5   **ANSWER TO 43:**

6       Defendant is without knowledge sufficient to form a belief as to the truth of

7   the averments in paragraph 43 of the Complaint, and therefore, denies the same.

8   **ANSWER TO 44:**

9       Defendant is without knowledge sufficient to form a belief as to the truth of

10  the averments in paragraph 44 of the Complaint, and therefore, denies the same.

11  **ANSWER TO 45:**

12      Defendant denies the averments in paragraph 45 of the Complaint with

13  regard to providing instructions to others on how to use LZB100 and the

14  LaserGrade Bonding Material products in a way that infringes the '223 and '436

15  Patents, but admits to having made written comments on internet industry forums.

16  **ANSWER TO 46:**

17      Defendant denies the averments in paragraph 46 of the Complaint with

18  regard to providing instructions to others on how to use LZB100 and the

19  LaserGrade Bonding Material products in a way that infringes the '223 and '436

20  Patents, but admits to having had oral conversations regarding said products.

21  **ANSWER TO 47:**

22      Defendant is without knowledge sufficient to form a belief as to the truth of

23  the averments in paragraph 47 of the Complaint, and therefore, denies the same.

24  **ANSWER TO 48:**

25      Defendant is without knowledge sufficient to form a belief as to the truth of

26  the averments in paragraph 48 of the Complaint, and therefore, denies the same.

27  **ANSWER TO 49:**

28      Defendant is without knowledge sufficient to form a belief as to the truth of

the averments contained in paragraph 49 of the Complaint, and therefore, denies the same.

**ANSWER TO 50:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 50 of the Complaint, and therefore, denies the same.

## HARRISON'S HISTORY WITH THERMARK

**ANSWER TO 51:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 51 of the Complaint, and therefore, denies the same.

**ANSWER TO 52:**

Defendant denies the averments contained in paragraph 52 of the Complaint regarding the fact that he and his company were "underwater" and owed financial obligations to creditors in excess of $700,000; but admits that he did begin presenting the company to potential investors in order to raise additional capital for the company to grow and reach its potential.

**ANSWER TO 53:**

Defendant denies the averments contained in paragraph 53 of the Complaint.

**ANSWER TO 54:**

Defendant admits the averments contained in paragraph 54 of the Complaint.

**ANSWER TO 55:**

Defendant admits the averments contained in paragraph 55 of the Complaint.

**ANSWER TO 56:**

Defendant admits the averments contained in paragraph 56 of the Complaint.

**ANSWER TO 57:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 57 of the Complaint, and therefore, denies the same.

**ANSWER TO 58:**

Defendant admits the averments contained in paragraph 58 of the Complaint.

**ANSWER TO 59:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 59 of the Complaint, and therefore, denies the same.

**ANSWER TO 60:**

Defendant is without knowledge and/or recollection sufficient to form a belief as to the truth of the averments in paragraph 60 of the Complaint, and therefore, denies the same.

**ANSWER TO 61:**

Defendant admits the averments contained in paragraph 61 of the Complaint.

**ANSWER TO 62:**

Defendant is without knowledge and/or recollection sufficient to form a belief as to the truth of the averments in paragraph 62 of the Complaint, and therefore, denies the same.

**ANSWER TO 63:**

Defendant admits the averments contained in paragraph 63 of the Complaint.

**ANSWER TO 64:**

Defendant is without knowledge and/or recollection sufficient to form a belief as to the truth of the averments in paragraph 64 of the Complaint, and therefore, denies the same.

**ANSWER TO 65:**

Defendant admits the averments contained in paragraph 65 of the Complaint.

**ANSWER TO 66:**

Defendant admits the averments contained in paragraph 66 of the Complaint.

**ANSWER TO 67:**

Defendant admits the averments contained in paragraph 67 of the Complaint.

**ANSWER TO 68:**

Defendant is without knowledge and/or recollection sufficient to form a belief as to the truth of the averments in paragraph 68 of the Complaint, and

1  therefore, denies the same.

2  **ANSWER TO 69:**

3      Defendant denies the averments in paragraph 69 of the Complaint.

4  **ANSWER TO 70:**

5      Defendant is without knowledge and/or recollection sufficient to form a

6  belief as to the truth of the averments in paragraph 70 of the Complaint, and

7  therefore, denies the same.

8  **ANSWER TO 71:**

9      Defendant is without knowledge and/or recollection sufficient to form a

10  belief as to the truth of the averments in paragraph 71 of the Complaint, and

11  therefore, denies the same.

12  **ANSWER TO 72:**

13      Defendant is without knowledge and/or recollection sufficient to form a

14  belief as to the truth of the averments in paragraph 72 of the Complaint, and

15  therefore, denies the same.

16  **ANSWER TO 73:**

17      Defendant is without knowledge and/or recollection sufficient to form a

18  belief as to the truth of the averments in paragraph 73 of the Complaint, and

19  therefore, denies the same.

20  **ANSWER TO 74:**

21      Defendant is without knowledge sufficient to form a belief as to the truth of

22  the averments in paragraph 74 of the Complaint, and therefore, denies the same.

23  **ANSWER TO 75:**

24      Defendant is without knowledge sufficient to form a belief as to the truth of

25  the averments contained in paragraph 75 of the Complaint, and therefore, denies

26  the same.

27  **ANSWER TO 76:**

28      Defendant denies the averments contained in paragraph 76 of the Complaint.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1 | **ANSWER TO 77:**

2 |     Defendant denies the averments contained in paragraph 77 of the Complaint.

3 | **FIRST CLAIM FOR RELIEF**

4 | **(Infringement of the '223 Patent against LaserSketch, JDS Industries and**

5 | **Harrison)**

6 | **ANSWER TO 78:**

7 |     Defendant is without knowledge sufficient to form a belief as to the truth of

8 | the averments in paragraph 78 of the Complaint, and therefore, denies the same.

9 | **ANSWER TO 79:**

10 |     Defendant denies the averments contained in paragraph 79 of the Complaint.

11 | **ANSWER TO 80:**

12 |     Defendant denies the averments contained in paragraph 80 of the Complaint.

13 | **ANSWER TO 81:**

14 |     Defendant denies the averments contained in paragraph 81 of the Complaint.

15 | **ANSWER TO 82:**

16 |     Defendant denies the averments contained in paragraph 82 of the Complaint.

17 | **ANSWER TO 83:**

18 |     Defendant denies the averments contained in paragraph 83 of the Complaint.

19 | **ANSWER TO 84:**

20 |     Defendant denies the averments contained in paragraph 84 of the Complaint.

21 | **ANSWER TO 85:**

22 |     Defendant is without knowledge sufficient to form a belief as to the truth of

23 | the averments contained in paragraph 85 of the Complaint, and therefore, denies

24 | the same.

25 | **ANSWER TO 86:**

26 |     Defendant is without knowledge sufficient to form a belief as to the truth of

27 | the averments contained in paragraph 86 of the Complaint, and therefore, denies

28 | the same.

**ANSWER TO 87:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 87 of the Complaint, and therefore, denies the same.

**ANSWER TO 88:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 88 of the Complaint, and therefore, denies the same.

**ANSWER TO 89:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 89 of the Complaint, and therefore, denies the same.

**ANSWER TO 90:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 90 of the Complaint, and therefore, denies the same.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '436 Patent against all Defendants)**

**ANSWER TO 91:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 91 of the Complaint, and therefore, denies the same.

**ANSWER TO 92:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 92 of the Complaint, and therefore, denies the same.

**ANSWER TO 93:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 93 of the Complaint, and therefore, denies the same.

**ANSWER TO 94:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 94 of the Complaint, and therefore, denies the same.

**ANSWER TO 95:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 95 of the Complaint, and therefore, denies the same.

**ANSWER TO 96:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 96 of the Complaint, and therefore, denies the same.

**ANSWER TO 97:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 97 of the Complaint, and therefore, denies the same.

**ANSWER TO 98:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 98 of the Complaint, and therefore, denies the same.

**ANSWER TO 99:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 99 of the Complaint, and therefore, denies the same.

**ANSWER TO 100:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 100 of the Complaint, and therefore, denies the same.

**ANSWER TO 101:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 101 of the Complaint, and therefore, denies the same.

**ANSWER TO 102:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 102 of the Complaint, and therefore, denies the same.

**ANSWER TO 103:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 103 of the Complaint, and therefore, denies the same.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract Against Harrison and Permanent Impressions)

**ANSWER TO 104:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 104 of the Complaint, and therefore, denies the same.

**ANSWER TO 105:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 105 of the Complaint, and therefore, denies the same.

**ANSWER TO 106:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 106 of the Complaint, and therefore, denies the same.

**ANSWER TO 107:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 107 of the Complaint, and therefore, denies the same.

**ANSWER TO 108:**

Defendant admits the averments in paragraph 108 of the Complaint.

**ANSWER TO 109:**

Defendant denies the averments in paragraph 109 of the Complaint.

**ANSWER TO 110:**

Defendant admits the averments in paragraph 110 of the Complaint.

**ANSWER TO 111:**

Defendant denies the averments in paragraph 111 of the Complaint.

**ANSWER TO 112:**

Defendant denies the averments in paragraph 112 of the Complaint.

**ANSWER TO 113:**

Defendant denies the averments in paragraph 113 of the Complaint.

**ANSWER TO 114:**

Defendant is without knowledge sufficient to form a belief as to the truth of

1  the averments in paragraph 114 of the Complaint, and therefore, denies the same.

2  **FOURTH CLAIM FOR RELIEF**

3  **(Misappropriation of Trade Secrets Against Harrison)**

4  **ANSWER TO 115:**

5  Defendant is without knowledge sufficient to form a belief as to the truth of

6  the averments in paragraph 115 of the Complaint, and therefore, denies the same.

7  **ANSWER TO 116:**

8  Defendant is without knowledge sufficient to form a belief as to the truth of

9  the averments in paragraph 116 of the Complaint, and therefore, denies the same.

10  **ANSWER TO 117:**

11  Defendant is without knowledge sufficient to form a belief as to the truth of

12  the averments in paragraph 117 of the Complaint, and therefore, denies the same.

13  **ANSWER TO 118:**

14  Defendant is without knowledge sufficient to form a belief as to the truth of

15  the averments in paragraph 118 of the Complaint, and therefore, denies the same.

16  **ANSWER TO 119:**

17  Defendant denies the averments in paragraph 119 of the Complaint.

18  **ANSWER TO 120:**

19  Defendant denies the averments in paragraph 120 of the Complaint.

20  **ANSWER TO 121:**

21  Defendant denies the averments in paragraph 121 of the Complaint.

22  **ANSWER TO 122:**

23  Defendant denies the averments in paragraph 122 of the Complaint.

24  **ANSWER TO 123:**

25  Defendant denies the averments in paragraph 123 of the Complaint.

26  **ANSWER TO 124:**

27  Defendant denies the averments in paragraph 124 of the Complaint.

28  ####

**ANSWER TO 125:**

Defendant denies the averments in paragraph 125 of the Complaint.

**ANSWER TO 126:**

Defendant denies the averments in paragraph 126 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Business Practices – California**

**Bus. & Prof. Code § 17200 Against Harrison)**

**ANSWER TO 127:**

Defendant is without knowledge sufficient to form a belief as to the truth of the averments in paragraph 127 of the Complaint, and therefore, denies the same.

**ANSWER TO 128:**

Defendant denies the averments in paragraph 128 of the Complaint.

**ANSWER TO 129:**

Defendant denies the averments in paragraph 129 of the Complaint.

**ANSWER TO 130:**

Defendant denies the averments in paragraph 130 of the Complaint.

**ANSWER TO 131:**

Defendant denies the averments in paragraph 131 of the Complaint.

**ANSWER TO 132:**

Defendant denies the averments in paragraph 132 of the Complaint.

**ANSWER TO 133:**

Defendant denies the averments in paragraph 133 of the Complaint.

**PLAINTIFFS' PRAYER FOR RELIEF**

In response to the "WHEREFORE" clause following paragraph 133 of Plaintiffs' Complaint, Defendant Harrison incorporates by reference his Answers to all preceding and succeeding paragraphs as though set forth fully herein and denies that Plaintiffs are entitled to any relief or judgment against him, individually or collectively, and specifically denies that Plaintiffs or any of them have suffered

any irreparable harm that could support injunctive relief.

1.  Defendant denies the averments in paragraph 1 of the Prayer For Relief.

2.  Defendant denies the averments in paragraph 2 of the Prayer For Relief.

3.  Defendant denies the averments in paragraph 3 of the Prayer For Relief.

4.  Defendant denies the averments in paragraph 4 of the Prayer For Relief.

5.  Defendant denies the averments in paragraph 5 of the Prayer For Relief.

6.  Defendant denies the averments in paragraph 6 of the Prayer For Relief.

7.  Defendant denies the averments in paragraph 7 of the Prayer For Relief.

8.  Defendant denies the averments in paragraph 8 of the Prayer For Relief.

9.  Defendant denies the averments in paragraph 9 of the Prayer For Relief.

10. Defendant denies the averments in paragraph 10 of the Prayer For Relief.

11. Defendant denies the averments in paragraph 11 of the Prayer For Relief.

12. Defendant denies the averments in paragraph 12 of the Prayer For Relief.

13. Defendant denies the averments in paragraph 13 of the Prayer For Relief.

14. Defendant denies the averments in paragraph 14 of the Prayer For Relief.

15. Defendant denies the averments in paragraph 15 of the Prayer For Relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Defendant Harrison asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiffs.

## FIRSTAFFIRMATIVE DEFENSE

1.  Plaintiffs fail to state a claim against Defendant Harrison upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.  Defendant Harrison does not, and has not, infringed, induced others to infringe, and/or contributorily infringed any valid and enforceable claim of the '223 Patent and/or the '436 Patent, directly or indirectly, literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3.   The claims of the '223 Patent and/or the '436 Patent as properly construed are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§101 *et seq.*, including, without limitation, the conditions of patentability set forth in §§101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

4.   Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because any or all of Defendant Harrison's conduct has been lawful, justified, and/or privileged.

### FIFTH AFFIRMATIVE DEFENSE

5.   Upon information and belief, Plaintiffs failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained; therefore, any recovery by Plaintiffs must be diminished or barred.

### SIXTH AFFIRMATIVE DEFENSE

6.   Upon information and belief, Plaintiffs are barred from enforcing the '223 Patent and/or the '436 Patent against Defendant Harrison under the doctrines of waiver, laches, and/or equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7.   Upon information and belief, Plaintiffs are barred from enforcing the '223 Patent and/or the '436 Patent against Defendant Harrison under the doctrine of prosecution history estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8.   Upon information and belief, Plaintiffs are barred from enforcing the '223 Patent and/or the '436 Patent against Defendant Harrison under the Doctrine of Unclean Hands.

### NINTH AFFIRMATIVE DEFENSE

9.   Plaintiffs lack standing to bring the Claims for Relief alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs have misused the Patents-in-Suit and are entitled to no relief.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant Harrison has been fully released and forever discharged from any and all liabilities, claims, demands, actions, causes of action or suits of any kind whatsoever, whether known or unknown, suspected or unsuspected as specifically written into, but not limited to, paragraphs 3 and 4 of the Settlement Agreement by the Counterclaim Defendants.

## ADDITIONAL AFFIRMATIVE DEFENSES

12. In addition to the Affirmative Defenses described above, Defendant Harrison specifically reserves the right to assert additional affirmative defenses as they become known during the pendency of this litigation.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Harrison demands a jury trial on all issues and claims so triable.

## DEFENDANT HARRISON'S COUNTERCLAIMS

For his Counterclaims against Plaintiffs TherMark LLC and TherMark Holdings, Inc. (collectively, "Counterclaim Defendants"), Defendant Paul W. Harrison ("Counterclaim Plaintiff") states as follows:

### PARTIES

1. As stated in Plaintiffs' Complaint, TherMark LLC, is a limited liability company organized and existing under the laws of Pennsylvania.

2. As stated in Plaintiffs' Complaint, TherMark Holdings, Inc. is a corporation organized and existing under the laws of Delaware, and wholly owns TherMark, LLC.

3. As stated in Plaintiffs' Complaint, TherMark LLC and TherMark Holdings, Inc. have a principal place of business at 33 Hammond, Suite 205, Irvine, California 92618.

4.  Paul W. Harrison is an individual who maintains a permanent residence at 5336 Vincent Avenue, Los Angeles, CA  90041.

## JURISDICTION AND VENUE

5.  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, the Declaratory Judgment Act 28 U.S.C. §§ 2201 *et seq.*, and § 1332(a). Venue is proper in this Court under 28 U.S.C. § 1400(b) and § 1391(b)-(c).

6.  This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants filed their lawsuit against Counterclaim Plaintiff in this District.

## STATEMENT OF FACTS

7.  Counterclaim Plaintiff Harrison is the founder of Counterclaim Defendant TherMark LLC in April 1998 and Counterclaim Defendant TherMark Holdings, Inc. in December 2005.

8.  Counterclaim Plaintiff Harrison is the inventor named on the '223 and '436 Patents.

9.  On April 21, 2006 Counterclaim Defendant TherMark Holdings, Inc. raised approximately $1.7 Million in additional working capital and Counterclaim Plaintiff Harrison stepped down as President of Counterclaim Defendant TherMark Holdings, Inc. to become Chief Technology Officer and Secretary, as well as continuing to serve as Chairman of the Board of Directors.

10. Within several months, disputes arose between Counterclaim Plaintiff Harrison and the management and Board of Counterclaim Defendant TherMark Holdings, Inc..

11. In mid 2007 Counterclaim Plaintiff Harrison's employment was terminated by Counterclaim Defendant TherMark Holdings, Inc. and Counterclaim Plaintiff Harrison was forced to enter into a Separation Agreement and Mutual

DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Releases (the Separation Agreement) whereby Counterclaim Plaintiff Harrison and Defendant Permanent Impressions, Inc. would provide consulting services in conjunction with Counterclaim Defendants' research and development efforts. A true and correct copy of the Separation Agreement is attached as Exhibit D to Plaintiffs' Complaint.

12. On January 31, 2008, the Separation Agreement terminated as provided for by the terms written by Counterclaim Defendant TherMark Holdings, Inc. and Counterclaim Plaintiff Harrison subsequently hired an attorney.

13. In April 2008, Counterclaim Defendant TherMark Holdings, Inc. entered into a Consulting Agreement (the Consulting Agreement) with Counterclaim Plaintiff Harrison and Defendant Permanent Impressions, Inc.. A true and correct copy of the Consulting Agreement is attached as Exhibit E to Plaintiffs' Complaint.

14. In May 2009, the Consulting Agreement was terminated by Counterclaim Defendant TherMark Holdings, Inc. and Counterclaim Plaintiff Harrison again hired an attorney and litigation ensued in November 2009.

15. On or about March 31, 2011, the litigation was resolved and the parties entered into the TherMark Stock Redemption and Settlement Agreement (the Settlement Agreement). A true and correct copy of the Settlement Agreement is attached as Exhibit F to Plaintiffs' Complaint.

16. Counterclaim Plaintiff Harrison and Defendant Permanent Impressions, Inc. entered into multiple contracts with Counterclaim Defendant TherMark Holdings, Inc. (the Contracts). True and correct copies of the Contracts are attached as Exhibits D, E and F to Plaintiffs' Complaint.

17. Counterclaim Plaintiff Harrison and Defendant Permanent Impressions, Inc. performed, or substantially performed, all of the requirements of the Contracts, or were excused from performance.

18. Counterclaim Plaintiff Harrison and Defendant Permanent Impressions,

DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1   Inc. were fully released and forever discharged from any and all liabilities, claims,

2   demands, actions, causes of action or suits of any kind whatsoever, whether known

3   or unknown, suspected or unsuspected as specifically written into, but not limited

4   to, paragraphs 3 and 4 of the Settlement Agreement by the Counterclaim

5   Defendants.

6        19.  Counterclaim Plaintiff Harrison and Defendant Permanent Impressions,

7   Inc. have worked with others since the expiration of the Contracts to independently

8   develop, test, produce and sell products which do not infringe upon Counterclaim

9   Defendant TherMark LLC's '223 and/or '436 Patents.

10       20. All such development, production and selling activity has been

11  performed without reliance upon and/or direct knowledge of the research and

12  development efforts rendered to Counterclaim Defendant TherMark Holdings, Inc.

13  under the terms of the Contracts.

14  ## FIRST COUNTERCLAIM FOR RELIEF

15  ## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '223

16  ## PATENT)

17       21. Counterclaim Plaintiff herein alleges and incorporates by reference his

18  Affirmative Defenses and paragraphs 1 through 20 of his Counterclaims as if set

19  forth fully herein.

20       22. A real and actual substantial controversy exists between Counterclaim

21  Plaintiff and Counterclaim Defendants as to the non-infringement of the '223

22  Patent.

23       23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et*

24  *seq.*, Counterclaim Plaintiff requests the declaration of the Court that Counterclaim

25  Plaintiff has not infringed, and does not infringe, any claim of the '223 Patent.

26  ## SECOND COUNTERCLAIM FOR RELIEF

27  ## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '436

28  ## PATENT)

24. Counterclaim Plaintiff herein alleges and incorporates by reference his Affirmative Defenses and paragraphs 1 through 20 of his Counterclaims as if set forth fully herein.

25. A real and actual substantial controversy exists between Counterclaim Plaintiff and Counterclaim Defendants as to the non-infringement of the '436 Patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Counterclaim Plaintiff requests the declaration of the Court that Counterclaim Plaintiff has not infringed, and does not infringe, any claim of the '436 Patent.

## THIRD COUNTERCLAIM FOR RELIEF

### (DECLARATORY JUDGMENT OF INVALIDITY AND/OR NON-ENFORCEABILTY OF THE '223 PATENT)

27. Counterclaim Plaintiff herein alleges and incorporates by reference his Affirmative Defenses and paragraphs 1 through 20 of his Counterclaims as if set forth fully herein.

28. A real and actual substantial controversy exists between Counterclaim Plaintiff and Counterclaim Defendants as to the invalidity and/or non-enforceability of one or more claims of the '223 Patent.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Counterclaim Plaintiff requests the declaration of the Court that one or more claims of the '223 Patent are invalid and/or non-enforceable under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## FOURTH COUNTERCLAIM FOR RELIEF

### (DECLARATORY JUDGMENT OF INVALIDITY AND/OR NON-ENFORCEABILTY OF THE '436 PATENT)

30. Counterclaim Plaintiff herein alleges and incorporates by reference his Affirmative Defenses and paragraphs 1 through 20 of his Counterclaims as if set forth fully herein.

31. A real and actual substantial controversy exists between Counterclaim Plaintiff and Counterclaim Defendants as to the invalidity and/or non-enforceability of one or more claims of the '436 Patent.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Counterclaim Plaintiff requests the declaration of the Court that one or more claims of the '436 Patent are invalid and/or non-enforceable under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## FIFTH COUNTERCLAIM FOR RELIEF

### (UNFAIR BUSINESS PRACTICES – CALIFORNIA
### BUS. & PROF. CODE § 16600 and § 17200)

33. Counterclaim Plaintiff incorporates by reference and re-alleges the paragraphs above as though fully restated herein.

34. Counterclaim Defendants have engaged in, and continue to engage in, unlawful, unfair and fraudulent business practices in this district in violation of the Unfair Competition Law, Bus. & Prof. Codes § 16600 and § 17200 *et seq.* as alleged herein.

35. Currently, Courts continue to refer, in dicta, to the individual's right to pursue a lawful occupation (*Lebbos v. Judges of Superior Court,* 883 F.2d 810, 818 [1989]; *Chalmers v. Los Angeles,* 762 F.2d 753, 757 [1985]).

36. As recently as 1999 the Supreme Court held that the Fourteenth Amendment protects the right to "choose one's field of private employment" (*Connecticut v. Gabbert,* 526 U.S. 286 [1999], at 292–93).

37. California employers cannot restrict the livelihood of their former employees (*Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937).

38. Counterclaim Defendants' conduct in continuing to intentionally and tortiously interfere with Counterclaim Plaintiff's right to choose one's field of private employment as well as interference with contractual and/or advantageous business relations constitutes unfair competition.

DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

## SIXTH COUNTERCLAIM FOR RELIEF

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. Counterclaim Plaintiff incorporates by reference and re-alleges the paragraphs above as though fully restated herein.

40. California courts have acknowledged the right to recover damages for emotional distress alone, without consequent physical injuries (*State Rubbish etc. Assn. v. Siliznoff* (1952) 38 Cal.2d 330, 336-337) and (*Alcorn v. Anbro Engineering, Inc* (1970) 2 Cal.3d 493, 497-498.

41. Counterclaim Defendants' conduct, in using its business connections within the laser marking industry, its financial resources and its prior adversarial relationship with the Counterclaim Plaintiff, to continually bring unfounded and frivolous allegations and legal proceedings against Counterclaim Plaintiff with deliberate and willful disregard of the probability of causing harm constitutes the intentional infliction of emotional distress upon Counterclaim Plaintiff.

## ADDITONAL COUNTERCLAIMS FOR RELIEF

42. Counterclaim Plaintiff specifically reserves the right to assert additional counterclaims, as they become known, during the pendency of this litigation.

## FEDERAL DECLARATORY JUDGMENT ACT

43. Pursuant to the Federal Declaratory Judgment Act, §§ 2201 *et seq.*, this Court may declare the rights and other legal relations of any interested party.

44. In the Complaint, Counterclaim Defendants have asserted that Counterclaim Plaintiff infringes U.S. Patent No. 6,075,223 and U.S. Patent No. 6,313,436 (collectively, "the Patents-in-Suit"). Counterclaim Plaintiff has not, and does not, infringe the Patents-in-Suit. Furthermore, one or more claims of the Patents-in-Suit are invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

45. There exists a real and actual substantial controversy between Counterclaim Plaintiff and Counterclaim Defendants before this Court where the

relief sought by Counterclaim Plaintiff will resolve the controversy relative to the respective interests of the parties.

46. Accordingly, Counterclaim Plaintiff seeks Declaratory Judgment from this Court that (i) Counterclaim Plaintiff has not, and does not, infringe the Patents-in-Suit; (ii) one or more claims of the Patents-in-Suit are invalid; and, (iii) Counterclaim Plaintiff should be awarded his costs, attorneys' fees, expenses, and such other further relief as may be just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff prays that this Court will grant relief and judgment:

a. That the Complaint be dismissed in its entirety, with prejudice;

b. That no injunctive relief shall issue to Counterclaim Plaintiffs;

c. That Counterclaim Defendants shall take nothing by reason of their Complaint;

d. As to the First Counterclaim for Relief, that the claims of the '223 Patent be adjudged not infringed (directly or indirectly, literally or under the doctrine of equivalents) by Counterclaim Plaintiff;

e. As to the Second Counterclaim for Relief, that the claims of the '436 Patent be adjudged not infringed (directly or indirectly, literally or under the doctrine of equivalents) by Counterclaim Plaintiff;

f. As to the Third Counterclaim for Relief, that one or more claims of the '223 Patent be adjudged invalid and/or non-enforceable;

g. As to the Fourth Counterclaim for Relief, that one or more claims of the '436 Patent be adjudged invalid and/or non-enforceable;

h. As to the Fifth Counterclaim for Relief, that Counterclaim Defendants have engaged in, and continue to engage in, unlawful, unfair and fraudulent business practices; therefore Counterclaim Plaintiff prays for monetary relief in the amount of Five Hundred Thousand US Dollars ($500,000.00);

i. As to the Sixth Counterclaim for Relief, that Counterclaim Defendants did, with deliberate and willful disregard of the probability of causing harm, intentionally inflict emotional distress upon Counterclaim Plaintiff; therefore Counterclaim Plaintiff prays for monetary relief in the amount of One Million US Dollars ($1,000,000.00);

j. That Counterclaim Plaintiff be awarded his costs, attorneys' fees, expenses, and such other further relief as may be just and proper;

k. That Counterclaim Plaintiff be awarded compensatory damages, consequential damages, general and special damages, according to proof at trial;

l. That this action be deemed exceptional under 35 U.S.C. § 285, and judgment be entered awarding Counterclaim Plaintiff enhanced monetary damages, up to and including trebling of said damages with pre-judgment and post-judgment interest accruing at the maximum legal rate thereon;  and

m. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

In accordance with Federal Rule of Civil Procedure 38, Defendant Harrison/ Counterclaim Plaintiff demands a trial by jury on all issues and claims so triable.

DATED:  April 25, 2013                         Respectfully submitted,



Paul W. Harrison, *in Pro Per*
Defendant / Counterclaim Plaintiff

1

**VERIFICATION**

2 I, Paul W. Harrison, an individual, declare that:

3      I am a Defendant / Counterclaim Plaintiff in the above-entitled action and

4 that I have read the foregoing **Defendant Harrison's Answer, Affirmative**

5 **Defenses and Counterclaims to Plaintiffs' Complaint** and know the contents

6 thereof.  The responses contained therein are true to the best of my knowledge,

7 except as to those matters which are stated upon current information and belief.

8      I declare under penalty of perjury under the laws of the United States of

9 America that the foregoing is true and correct.

10

11 Executed on April 25, 2013 at Los Angeles, CA.

12

13

14

15                    Paul W. Harrison, an individual

16

17

18

19

20

21

22

23

24

25

26

27

28